IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

MONSANTO COMPANY and )
MONSANTO TECHNOLOGY, LLC, )
)
    Plaintiffs, )
)
v. ) Case No. 7:14-CV-00013-CAR
)
CHRISTOPHER PONDER and )
CHRIS PONDER FARMS, LLC, )
)
    Defendants. )

## CONSENT JUDGMENT AND PERMANENT INJUNCTION

**PARTIES**

Plaintiffs are Monsanto Company and Monsanto Technology, LLC (sometimes referred to hereinafter as Monsanto). Monsanto Company is a company organized and existing under the laws of the State of Delaware with its principal place of business in St. Louis, Missouri. Monsanto Technology, LLC is a company organized and existing under the laws of the State of Delaware with its principal place of business in St. Louis, Missouri.

Defendant, Christopher Ponder, is a natural person, engages in commercial farming and resides in Georgia. Chris Ponder Farms, LLC is a limited liability company organized and existing under the laws of the state of Georgia with its principal place of business in Tifton, Georgia. Chris Ponder Farms, LLC is Christopher Ponder's farming business entity.

**FINDINGS**

Subject matter jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1331, in that one or more of Monsanto's claims arise under the laws of the United States, as well as 28 U.S.C. §1338, granting district courts original jurisdiction over any civil action regarding patents.

Venue is proper in this judicial district because the Defendants reside in Tift County, Georgia, a county within the Middle District of Georgia, Valdosta Division. Venue is also proper in this judicial district because Plaintiffs' claims arose within this judicial district.

Monsanto is in the business of developing, manufacturing, licensing, and selling agricultural biotechnology, agricultural chemicals and other agricultural products. After the investment of substantial time, expense, and expertise, Monsanto invented an agricultural biotechnology consisting of genetic traits that enable crops to express resistance to glyphosate based herbicides such as Roundup® branded herbicides.

This biotechnology has been utilized by Monsanto in cotton seed. The genetically improved cotton is marketed by Monsanto Company under multiple trade names, including Roundup Ready® Flex.

Monsanto's Roundup Ready® Flex cotton biotechnology is protected under patents issued by the United States Patent Office, specifically including U.S. Patent No.

6,949,696 (the "'696 patent"). Prior to the events giving rise to this action, the '696 patent was issued and assigned to Monsanto. The claims of U.S. Patent No. 6,949,696 are valid and enforceable.

Monsanto's Bollgard II® biotechnology is protected under patents issued by the United States Patent Office, specifically including U.S. Patent No. 7,064,249 (the "'249 patent"). Prior to the events giving rise to this action, the '249 patent was issued and assigned to Monsanto. The claims of U.S. Patent No. 7,064,249 are valid and enforceable.

Monsanto and seed companies authorized to sell Monsanto's patented biotechnologies placed the notice required by 35 U.S.C. § 287(a) that the Roundup Ready® Flex, Bollgard II®, and Roundup Ready® Flex with Bollgard II® biotechnologies are patented on the labeling of all bags containing Roundup Ready® Flex, Bollgard II®, and/or Roundup Ready® Flex with Bollgard II® cotton seed. In particular, each bag of Roundup Ready® Flex cotton seed is marked with notice of at least the '696 patent; Bollgard II® cotton seed is marked with notice of at least the '249 patent; and Roundup Ready® Flex with Bollgard II® cotton seed is marked with notice of at least the '696 and '249 patents.

Under the terms of Monsanto's limited use license agreements through which Roundup Ready® Flex, Bollgard II®, and Roundup Ready® Flex with Bollgard II® cotton seed are sold, a purchaser is only authorized to use the seed for planting a

3

commercial crop in a single growing season, and is prohibited from saving harvested seed for the purpose of planting a subsequent crop. In addition, the user is prohibited from selling saved seed or supplying or transferring any seed produced from the purchased seed to third parties for planting.

Defendants knowingly, intentionally, and willfully planted saved Roundup Ready® Flex, Bollgard II®, and Roundup Ready® Flex with Bollgard II® cotton seed without authorization during the crop years 2011, 2012 and 2013.

Defendants engaged in the foregoing conduct with full knowledge that it violated Monsanto's patent rights in the '696 and '249 patents and with the deliberate intent of depriving Monsanto of the established royalty or "technology fee" that Monsanto is entitled to receive in connection with the licensed use of its Roundup Ready® Flex and Bollgard II® seed technologies.

Defendants, by their actions of planting unauthorized Roundup Ready® cotton seed infringed U.S. Patent Nos. 6,949,696 and 7,064,249 in 2011, 2012, and 2013 in violation of 35 U.S.C. §271(a).

The Defendants' planting of saved Roundup Ready® Flex, Bollgard II®, and Roundup Ready® Flex with Bollgard II® cotton seed without authorization from Monsanto constitutes patent infringement with wilful and reckless disregard of Monsanto's patent rights in the '696 and '249 patents, rendering the case exceptional under 35 U.S.C. §285.

4

The Defendants' infringing activities of planting saved Roundup Ready® Flex, Bollgard II®, and Roundup Ready® Flex with Bollgard II® cotton seed without authorization were intentional and willful.

Defendants attempted to conceal from Monsanto the fact that they were planting saved Roundup Ready® Flex, Bollgard II®, and Roundup Ready® Flex with Bollgard II® cotton seed without Monsanto's authorization by, among other things, directing Omega Farm Supply to catch specific varieties of their harvested cotton seed containing Monsanto's patented traits so that Christopher Ponder could delint and plant that seed, delinting the fuzzy cotton seed caught at Omega Farm Supply so that seed was suitable for planting, transferring and selling delinted cotton seed to other growers for planting – sometimes in exchange for raw materials used in the delinting process, planting that saved and delinted cotton seed to grow at least a portion of their 2011, 2012 and 2013 crops, and buying and spraying glyphosate-based herbicide over the top of his cotton crops, without injury to the crops.

It is the specific intent and desire of Monsanto and the Defendants that the "Stipulated Findings" set forth herein be binding upon them and be given full collateral estoppel effect in any litigation that might subsequently arise between them.

**MONETARY DAMAGES**

In accordance with the provisions herein, and by consent of the parties, judgment is entered against Defendants, Christopher Ponder and Chris Ponder Farms, LLC, jointly and

5

severally in favor of Monsanto in the amount of Three Hundred Sixty Thousand Dollars ($360,000.00).

**PERMANENT INJUNCTION**

To the extent not expressly agreed to by Monsanto in writing, Defendants are permanently enjoined from making, using, buying, acquiring, selling, offering to sell, or otherwise transferring any of Monsanto's patented agricultural crop seed biotechnology (to or from any source or seed licensee) covered by any patent, including U.S. Patent Nos. 6,949,696 and 7,064,249.

**SO ORDERED,** this 4th day of March, 2015.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE
